[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------
No. 04-16332
Non-Argument Calendar
----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 16, 2005
THOMAS K. KAHN
CLERK

D.C. Docket  No.  04-00139-CR-WTM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DILLARD ROSS,

Defendant-Appellant.

------------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Georgia
------------------------------------------------------------------

(September 16, 2005)

Before EDMONDSON, Chief Judge, ANDERSON and CARNES, Circuit Judges.

PER CURIAM:

Dillard Ross appeals his 108-month sentence, pursuant to his guilty plea, for

distribution of 5 or more grams of crack cocaine, in violation of 21 U.S.C.

§ 841(a)(1). Ross argues that the district court violated <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004), when it sentenced him based on a drug quantity that he did not admit and that was not proved to a jury beyond a reasonable doubt. The government concedes that error exists under <u>United States v. Booker</u>, 125 S.Ct. 738 (2005). We agree; we vacate Ross's sentence and remand for resentencing consistent with <u>Booker</u>.

Ross was indicted for two counts of distribution of 5 or more grams of crack cocaine based on two transactions: the first, involving 46.4 grams, occurred on 7 January 2004 (Count One) and the second, involving 27.6 grams, occurred on 16 January 2004 (Count Two).[1] Ross agreed to plead guilty to Count One. In the plea agreement, the government agreed to dismiss Count Two, and Ross admitted to distributing 46.4 grams of cocaine base on 7 January 2004. Ross made no admission about Count Two.

The presentence investigation report (PSI) attributed to Ross a total drug quantity of 74 grams of crack cocaine: 46.4 grams for the first transaction and 27.6 grams for the second transaction. The PSI assigned a base offense level of 32, under U.S.S.G. § 2D1.1(c)(4), and a 3-level reduction for acceptance of

---

[1]Ross also was indicted for possession of a firearm by a convicted felon, but that count was dismissed on the government's motion and is not relevant to this appeal.

responsibility, § 3E1.1(a), (b).  Combined with a criminal history category of III, the PSI assigned Ross a guideline sentencing range of 108 to 135 months' imprisonment.

Based on Blakely and Apprendi v. New Jersey, 120 S.Ct. 2348 (2000), Ross objected to the PSI's inclusion, in its drug weight calculation, of the sale of the 27.6 grams of crack cocaine listed in Count Two.  He argued that he did not plead guilty to Count Two, that he did not admit to this conduct, and that a jury did not find him guilty of that charge.  Ross asserted that he could be held accountable for the 46.4 grams of crack cocaine in Count One.  The district court overruled Ross's Blakely objection, but expressed hope "that sometime very soon the Supreme Court of the United States will clarify the issue of the guidelines and their constitutionality, but until such time as they change the law, it is the opinion of this Court that the guidelines are still binding."  The district court then adopted the PSI's calculations and sentenced Ross to 108 months' imprisonment.

In Booker, the Supreme Court held that Blakely applied to the Sentencing Guidelines.  United States v. Rodriguez, 398 F.3d 1291, 1297-98 (11th Cir.), petition for cert. denied, No. 04-1148 (U.S. June 20, 2005).  Under Booker, two types of sentencing errors exist: "one is constitutional and the other is statutory." United States v. Dacus, 408 F.3d 686, 688 (11th Cir. 2005).  "[T]he Sixth

3

Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." Rodriguez, 398 F.3d at 1298. The statutory error occurs when the district court sentences a defendant "under a mandatory Guidelines scheme, even in the absence of a Sixth Amendment enhancement violation." United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005).

Ross properly preserved his Blakely/Booker constitutional objection in the district court. See United States v. Dowling, 403 F.3d 1242, 1245 (11th Cir. 2005). We review this issue de novo; but we will not reverse the district court if the government shows that the error was harmless beyond a reasonable doubt. See United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005).

Ross's sentence was enhanced, under a mandatory guidelines system, based on facts found by the judge and not admitted by Ross: Booker indicates that Ross's Sixth Amendment right to trial by jury was violated. See United States v. Davis, 407 F.3d 1269, 1270 (11th Cir. 2005). And the government concedes error: the government thus does not attempt to show "that the mandatory, as opposed to the advisory, application of the guidelines did not contribute to [Ross]'s sentence." Id. at 1271. The district court expressly treated the guidelines as mandatory: it

4

made no statement indicating that it would have given the same sentence regardless of whether the guidelines were advisory or mandatory. See id. (no harmless error beyond a reasonable doubt where "[w]e simply do not know what the sentencing court would have done had it understood the guidelines to be advisory rather than mandatory, and had properly considered the factors in 18 U.S.C. § 3553(a)"). Ross must be resentenced under the advisory guidelines system: on remand, the district court, "while not bound to apply the Guidelines, must consult those guidelines and take them into account when sentencing." Paz, 405 F.3d at 949 (quoting Booker, 125 S.Ct. at 767).

VACATED and REMANDED.