File Name: 06a0137n.06

Filed: February 21, 2006

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 04-6230

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee*

        v.

MARVEL RICHMOND,
    *Defendant - Appellant*

On Appeal from the
United States District Court for
the Western District of Tennessee

_____/

BEFORE:  KENNEDY, COOK and GRIFFIN, Circuit Judges.

KENNEDY, Circuit Judge.     Defendant Marvel Richmond pled guilty to distributing cocaine base in violation of 21 U.S.C § 841(a)(1) and was sentenced to 188 months imprisonment, 5 years supervised release, and a $100 special assessment.  On appeal, the Defendant argues the district court violated *Blakely v. Washington*, 542 U.S. 296 (2004) and *U.S. v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005),  by sentencing him (1) based on a drug quantity that he did not admit and that was not proven to a jury beyond a reasonable doubt; and (2) by sentencing him under the assumption the United States Sentencing Guidelines were mandatory.  For the reasons that follow, we **VACATE** the Defendant's sentence and **REMAND** for resentencing.

**BACKGROUND**

On July 23, 2002, the Defendant, Marvel Richmond ("Richmond"), was charged with three counts of possession with intent to distribute and distributing cocaine base in violation of 21 U.S.C

§ 841(a)(1), based on three transactions: the first, involving 76.3 grams occurred on July 3, 2001 (Count 1), the second, involving 73.5 grams occurred on July 18, 2001 (Count 2) and the third, involving 44.4 grams occurred on August 24, 2001 (Count 3). On November 4, 2003, Richmond pled guilty to Count 1 pursuant to a written agreement that provided the government would dismiss Counts 2 and 3.

Even though Counts 2 and 3 were dismissed, the presentence report ("PSR") attributed to Richmond the total amount of drugs involved in all three transactions. Thus, pursuant to U.S.S.G. § 2D1.1 (drug trafficking at least 150 grams but less than 500 grams of cocaine base), Richmond was assigned a base offense level of 34. This base level was adjusted by 3 points for acceptance of responsibility, lowering it to 31. Richmond's criminal history category was found to be VI. The guideline imprisonment range for an offense level of 31 and a criminal history category of VI is 188 to 235 months.

Richmond's sentencing hearing was held on October 7, 2004. At the sentencing hearing Richmond's counsel argued that Richmond had not admitted to the quantity of drugs attributed to him in the PSR. The district court "noted" this argument but rejected it, erroneously stating that Richmond had admitted to this drug quantity at the plea hearing.[1] The district court then sentenced

---

[1] At the sentencing hearing, the district court admitted he could not remember " word for word what was said by Ms. Craig I guess at the time of the plea" but that he "believe[d] that there was mention about the amount and that the defendant upon questioning by the court did concede that was accurate." However, in actuality, Richmond did not, at the plea hearing, admit to trafficking at least 150 grams of cocaine base. At the plea hearing, the government stated it could prove that "[t]here were three buys made by the confidential informant; on July 3rd, 2001, July 18th, 2001, and August 24th, 2001," and then government went on to detail each of these transactions, including the controlled buys that substantiated Counts 2 and 3 of the indictment, the buys on July 18th and August 24th. The court then asked the Defendant:

"In as much as I guess *we are focusing in on the July, 23rd, 2001 [sic], transactions*, Mr. Richmond, *as far as those facts are concerned*, is that basically correct as far as

2

Richmond to 188 months imprisonment, 5 years supervised release and a $100 special assessment. The district court also considered an "alternative sentence," again imposing a sentence of 188 months imprisonment, 5 years supervised release and a $100 special assessment. This timely appeal followed.

## ANALYSIS

### I.

In *U.S. v. Booker*, the Supreme Court held that the Sixth Amendment, as construed in *Blakely v. Washington,* applies to the United States Sentencing Guidelines. *Booker,* 125 S.Ct. 738. Thus, the Sixth Amendment is violated whenever a judge imposes a sentence that is "based on any fact (other than a prior conviction) not established by a guilty plea, a jury verdict, or admitted by the Defendant." *Id.* at 756. Richmond argues that his Sixth Amendment rights were violated because the court imposed a sentence based upon judge-found facts. For the following reasons, we agree.

Richmond was charged with three counts of possession with intent to distribute and distributing cocaine base. The cumulative total of the cocaine base listed in all three counts exceeded 150 grams. However, Richmond only pled guilty to Count 1, charging him with distributing 76.3 grams of cocaine base. Count 2 (distribution of 73.5 grams) and Count 3 (distribution of 44.4 grams) were dismissed. Further, Richmond did not, at the plea hearing, admit to the possession of drugs in Counts 2 and 3. Yet, the district court found that Richmond's offense

your involvement is concerned?"
[Richmond]: "Yes, sir."
J. A. at 31 (emphasis added). We first point out that the court reporter erred in transcribing this exchange, the district court asked Richmond about July 3, 2001, not July 23, 2001. Of more importance, however, is the fact that Richmond only admitted that the government's recount of the events that transpired on July 3, 2001, was accurate; he was not questioned about the other dates and thus, he made no admissions regarding those dates at the time of the plea.

3

level was a 34 on the on the ground that the total amount of drugs involved was at least 150 grams. Richmond argues that the district court erred by calculating his offense level based on the total amount of cocaine base he was charged with possessing in all three counts (194.2 grams), rather than just the amount of cocaine base he pled guilty to possessing (76.3 grams). Notably, if Richmond's base offense level was determined by attributing to him only the amount of cocaine listed in the plea agreement, it would be a 32. U.S.S.G., § 2D1.1 (an offense level of 32 is appropriate for the distribution of "[a]t least 50 grams but less than 150 grams of Cocaine Base"). After adjusting for acceptance of responsibility (minus 3 points) and factoring in Richmond's criminal history category (category VI), Richmond's adjusted sentencing guideline range would be 151-188 months, rather than the range the district court utilized, 188-235 months.

The government argues that Richmond's sentence does not violate the Sixth Amendment because he did not receive an enhancement based on judge-found facts, but rather, based on facts admitted by the Defendant. Richmond did not file any objections to the presentence report and the government's argument relies on the principle that facts not objected to in the presentence report are deemed admitted. *U.S. v. Loggins*, No. 04-5477 at *2 (6th Cir. June 6, 2005).

Generally, it is true that "14 days after receiving the presentence report, the parties must state in writing any objections, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report" (Fed.R.Crim.P. 32(f)(1)), or, at sentencing the court may "accept any undisputed portion of the presentence report as a finding of fact." Fed.R.Crim.P (i)(3)(A). However, the "court may, for good cause, change any time limits prescribed in this rule." Fed.R.Crim.P. 32(b)(2).

4

Richmond's counsel did not initially object nor did his counsel file any written objections. However, toward the end of the sentencing hearing his counsel stated:

> Your Honor, in regard to the application of the guidelines, there is no question what the government could prove in this case as far as amounts involved, but we have not waived our right for a jury to determine that those are, in fact, true facts. We would stand on that statement into the record at the time of the plea as to what the government could prove, my recollection is that my client and I stood here and did not disagree with those facts. *It's our position still that his constitutional rights would require that those facts be adopted and approved by a jury. We have not waived that right.*

J.A. at 33-34 (emphasis added). While the court did not explicitly make a finding of "good cause," it did accept his objection,[2] and we have held that even in the absence of a showing of good cause, where the court accepts an objection and where the opposing party fails to argue that the objection is untimely, that objection is sufficiently preserved on appeal. *See U.S. v. Perkins*, 89 F.3d 303, 306 (6th Cir. 1996) ("Although the district court did not make an explicit finding of good cause, it allowed the defendant to raise new objections at the sentencing hearing. . .Therefore, we conclude that Perkins sufficiently preserved the issues on appeal even with respect to objections his attorney raised for the first time at the sentencing hearing."); *U.S. v. Barajas-Nunez*, 91 F.3d 826, 830 (6th Cir. 1996) ("Although the district court did not make an express finding of good cause, its comments and actions after Barajas-Nunez's allocution indicate that it found such good cause to be present."). In the case at bar, Richmond objected to the sentencing enhancement, the government did not

---

[2] After Richmond's counsel objected, the court stated, "Now, *I will note your exceptions* that you are arguing that even with those concessions, that the government needs to prove beyond a reasonable doubt as to the amounts, *certainly I will note that*, but I would also note for the record that we believe that if -- And frankly I can't remember word for word what was said by Ms. Craig I guess at the time of the plea, but I believe that there was mention about the amount and that the defendant upon questioning by the court did concede that was accurate. So I believe with that information before the court, that I can under the current state of the law impose sentence *based upon his admission to those facts, but I will note your exception nonetheless.*" J.A. at 34 (emphasis added).

5

oppose that objection, and the district court stated, three times, that the objection was noted. Therefore, we conclude Richmond sufficiently preserved this argument on appeal.

Since we find Richmond objected to the findings in the PSR, the government's argument - that because he did not file written objections, Richmond admitted to the facts in the PSR - fails. Because Richmond's sentence was enhanced based on facts found by the judge and not admitted by Richmond or found by a jury, the district court, by enhancing his base offense level from a 32 to a 34, violated Richmond's Sixth Amendment rights under *Booker*. *See U.S. v. Milan*, 398 F.3d 445 (6th Cir. 2005) (where defendant admitted involvement with no more than 50 grams of cocaine base but the district court enhanced his offense level based on findings in the presentence report that defendant possessed 1.5 kilograms of crack/cocaine, possessed a firearm, and was the organizer of the criminal activity, court remanded for resentencing under *Booker*); *U.S. v. Tate*, 124 Fed.Appx. 398 (6th Cir. 2005) (finding a Sixth Amendment violation under *Booker* where the jury found the defendant guilty of conspiring to distribute more than five kilograms of cocaine but the district court determined the defendant was responsible for conspiring to distribute more than fifty kilograms of cocaine and enhanced the defendant's offense level accordingly); *U.S. v. Ross*, No. 04-16332 (11th Cir. Sept. 16, 2005) (where defendant was charged with two counts of distribution of crack cocaine based on two different transactions and defendant pled guilty to only the first count, sentencing him based on the total amount involved in both counts was a violation of his Sixth Amendment rights under *Booker*).

## II.

The government concedes that the district court erred by sentencing Richmond under a mandatory guidelines scheme; however, the government argues that this error is harmless because

the court also imposed an identical "alternative sentence".[3]   Because we find the district court

enhanced Richmond's sentence in violation of the Sixth Amendment, we find this argument lacks

merit.

## CONCLUSION

Thus, for the foregoing reasons, we **VACATE** the district court's sentence and **REMAND**

Richmond's case for resentencing in accordance with *Booker*.

---

[3]In imposing the alternative sentence, the court stated:
"Because of the decision by the Sixth Circuit in U.S. versus Koch, which does recommend that the district courts consider an alternative sentencing, the court will now make an alternative sentence in this matter. Utilizing the guidelines as simply as an assistive device in this matter, based upon conviction, Mr. Richmond's sentence could be anywhere from ten years to life. The court is going to impose a sentence of custody of 188 months based upon that range as well. I will impose a supervised release period of five years and a $100 special assessment. In either of these sentences, I'm not going to impose any fine in this matter."

GRIFFIN, Circuit Judge, dissenting.

I respectfully dissent.  I would hold that defendant waived his right to raise a *Booker* challenge on appeal and received a reasonable alternative sentence.  Therefore, I would  affirm the sentence of the district court.

I.

In *United States v. Booker*, 125 S. Ct. 738, 756 (2005), the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  In *United States v. Stafford*, 258 F.3d 465, 476 (6th Cir. 2001), we held that a defendant's failure to challenge drug quantity findings made by the probation officer in the pre-sentence report ("PSR") operated as an admission to those drug types and quantities and provided the requisite factual basis to sustain the defendant's enhanced sentence.  This proposition has been consistently applied to quantity determinations contained in PSRs.  *See United States v. Clements*, 142 F. App'x 223, 228-29 (6th Cir. 2005) (citing *Stafford*, and holding that defendant's withdrawal of his objection to drug quantities in PSR operated as an admission), *reh'g en banc denied* (6th Cir. Jan. 10, 2006); *United States v. Roper*, 266 F.3d 526, 531-32 (6th Cir. 2001) (holding defendant's withdrawal of objection and stipulation to drug quantity in PSR provided requisite factual basis for enhanced sentence); *United States v. Pruitt*, 156 F.3d 638, 648 (6th Cir. 1998) (holding defendant's statement that he had no objections to the PSR constitutes an express admission of the amount and type of drugs attributed to the defendant in the report); *United States v. Harris*, 132 F. App'x 46, 48-49 (6th Cir. 2005) (holding defendant was deemed to

8

have admitted that his crime involved three firearms where he failed to object to inclusion of this fact in PSR).

Here, although defendant pleaded guilty only to count one of the indictment (the distribution of 76.3 grams of cocaine), the PSR specifically stated the drug types and quantities that defendant now contests. Defendant neither objected to the total amounts of cocaine detailed in the PSR, nor challenged the calculation of the guidelines in the PSR. At the sentencing hearing, in response to the court's query as to whether there were any objections to the PSR, counsel for defendant stated that there were none. Furthermore, in a later response to the district court's query as to whether there were any comments, defense counsel made the following statement and admission:

> Your Honor, in regard to the application of the guidelines, *there is no question what the government could prove in this case as far as amounts involved*, but we have not waived our right for a jury to determine that those are, in fact, true facts. We would stand on that statement that even though there has been a statement into the record at the time of the plea as to what the government could prove, *my recollection is that my client and I stood here and did not disagree with those facts*. It's our position still that his constitutional rights would require that those facts be adopted and approved by a jury. We have not waived that right.

(Emphasis added.)

Defendant would have this Court hold that, although he did not contest any of the facts presented in the PSR at sentencing and entered a plea bargain with the government, *Booker* nonetheless requires these admitted facts to be determined by a jury. I disagree; post-*Booker* precedent in the Sixth Circuit does not support this conclusion. Defense counsel specifically stated that there was no objection to the facts contained in the PSR, but then attempted to raise an objection to the lack of a jury determination of the admitted facts. I would hold that this objection was insufficient to preserve a *Booker* challenge.

9

II.

Further, I respectfully disagree with the majority's conclusion that the "alternative sentence" imposed by the district court was not reasonable. Defendant contends that the alternative sentence cannot stand because the district court failed to consider sentencing factors, other than the guidelines calculations, listed in 18 U.S.C. § 3553(a). This Court has recently held that sentences properly calculated under the Guidelines are entitled to "a rebuttable presumption of reasonableness." *United States v. Williams*, No. 05-5416, 2006 WL 224067, at *1 (6th Cir. Jan. 31, 2006). Like the defendant in *Williams*, defendant has not identified any § 3553(a) factors that the district court should have considered that would have made a difference in the sentence imposed. *See id.* at *2 ("Williams identifies no factor from § 3553(a) that would render his sentence unreasonable; instead he asks the court to conclude that the district court's failure to explicitly discuss each factor rendered his sentence unreasonable."). The district court's remarks at sentencing indicated that it considered the need for correctional treatment pursuant to § 3553(a)(2)(D) (i.e., substance abuse treatment), and considered the sentencing range prescribed by the Guidelines pursuant to § 3553(a)(4)(A). I would hold that, in the absence of any assertion by defendant that the district court failed to consider a necessary factor, the "alternative sentence" was reasonable.

III.

For these reasons, I respectfully dissent. I would affirm the sentence of the district court.