KENNEDY, Circuit Judge.
Defendant Marvel Richmond pled guilty to distributing cocaine base in violation of 21 U.S.C § 841(a)(1) and was sentenced to 188 months imprisonment, 5 years supervised release, and a $100 special assessment. On appeal, the Defendant argues the district court violated Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and U.S. v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), by sentencing him (1) based on a drug quantity that he did not admit and that was not proven to a jury beyond a reasonable doubt; and (2) by sentencing him under the assumption the United States Sentencing Guidelines were mandatory. For the reasons that follow, we VACATE the Defendant’s sentence and REMAND for resentencing.

BACKGROUND

On July 23, 2002, the Defendant, Marvel Richmond (“Richmond”), was charged with three counts of possession with intent to distribute and distributing cocaine base in violation of 21 U.S.C § 841(a)(1), based on *938 three transactions: the first, involving 76.3 grams occurred on July 3, 2001 (Count 1), the second, involving 73.5 grams occurred on July 18, 2001 (Count 2) and the third, involving 44.4 grams occurred on August 24, 2001 (Count 3). On November 4, 2003, Richmond pled guilty to Count 1 pursuant to a written agreement that provided the government would dismiss Counts 2 and 3.
Even though Counts 2 and 3 were dismissed, the presentence report (“PSR”) attributed to Richmond the total amount of drugs involved in all three transactions. Thus, pursuant to U.S.S.G. § 2D1.1 (drug trafficking at least 150 grams but less than 500 grams of cocaine base), Richmond was assigned a base offense level of 34. This base level was adjusted by 3 points for acceptance of responsibility, lowering it to 31. Richmond’s criminal history category was found to be VI. The guideline imprisonment range for an offense level of 31 and a criminal history category of VI is 188 to 235 months.
Richmond’s sentencing hearing was held on October 7, 2004. At the sentencing hearing Richmond’s counsel argued that Richmond had not admitted to the quantity of drugs attributed to him in the PSR. The district court “noted” this argument but rejected it, erroneously stating that Richmond had admitted to this drug quantity at the plea hearing.[1] The district court then sentenced Richmond to 188 months imprisonment, 5 years supervised release and a $100 special assessment. The district court also considered an “alternative sentence,” again imposing a sentence of 188 months imprisonment, 5 years supervised release and a $100 special assessment. This timely appeal followed.

ANALYSIS

I.
In U.S. v. Booker, the Supreme Court held that the Sixth Amendment, as construed in Blakely v. Washington, applies to the United States Sentencing Guidelines. Booker, 125 S.Ct. 738. Thus, the Sixth Amendment is violated whenever a judge imposes a sentence that is “based on any fact (other than a prior conviction) not established by a guilty plea, a jury verdict, or admitted by the Defendant.” Id. at 756. Richmond argues that his Sixth Amendment rights were violated because the court imposed a sentence based upon judge-found facts. For the following reasons, we agree.
Richmond was charged with three counts of possession with intent to distrib *939 ute and distributing cocaine base. The cumulative total of the cocaine base listed in all three counts exceeded 150 grams. However, Richmond only pled guilty to Count 1, charging him with distributing 76.3 grams of cocaine base. Count 2 (distribution of 73.5 grams) and Count 3 (distribution of 44.4 grams) were dismissed. Further, Richmond did not, at the plea hearing, admit to the possession of drugs in Counts 2 and 3. Yet, the district court found that Richmond’s offense level was a 34 on the on the ground that the total amount of drugs involved was at least 150 grams. Richmond argues that the district court erred by calculating his offense level based on the total amount of cocaine base he was charged with possessing in all three counts (194.2 grams), rather than just the amount of cocaine base he pled guilty to possessing (76.3 grams). Notably, if Richmond’s base offense level was determined by attributing to him only the amount of cocaine listed in the plea agreement, it would be a 32. U.S.S.G., § 2D1.1 (an offense level of 32 is appropriate for the distribution of “[a]t least 50 grams but less than 150 grams of Cocaine Base”). After adjusting for acceptance of responsibility (minus 3 points) and factoring in Richmond’s criminal history category (category VI), Richmond’s adjusted sentencing guideline range would be 151-188 months, rather than the range the district court utilized, 188-235 months.
The government argues that Richmond’s sentence does not violate the Sixth Amendment because he did not receive an enhancement based on judge-found facts, but rather, based on facts admitted by the Defendant. Richmond did not file any objections to the presentence report and the government’s argument relies on the principle that facts not objected to in the presentence report are deemed admitted. U.S. v. Loggins, 136 Fed.Appx. 789, 792-93 (6th Cir.2005).
Generally, it is true that “14 days after receiving the presentence report, the parties must state in writing any objections, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report” (Fed.R.Crim.P.32(f)(l)), or, at sentencing the court may “accept any undisputed portion of the presentence report as a finding of fact.” Fed.R.Crim.P (i)(3)(A). However, the “court may, for good cause, change any time limits prescribed in this rule.” Fed.R.Crim.P. 32(b)(2).
Richmond’s counsel did not initially object nor did his counsel file any written objections. However, toward the end of the sentencing hearing his counsel stated:
Your Honor, in regard to the application of the guidelines, there is no question what the government could prove in this case as far as amounts involved, but we have not waived our right for a jury to determine that those are, in fact, true facts. We would stand on that statement into the record at the time of the plea as to what the government could prove, my recollection is that my client and I stood here and did not disagree with those facts. It’s our position still that his constitutional rights would require that those facts be adopted and approved by a jury. We have not waived that right.
J.A. at 33-34 (emphasis added). While the court did not explicitly make a finding of “good cause,” it did accept his objection,[2] and we have held that even in the absence of a showing of good cause, where the *940 court accepts an objection and where the opposing party fails to argue that the objection is untimely, that objection is sufficiently preserved on appeal. See U.S. v. Perkins, 89 F.3d 303, 306 (6th Cir.1996) (“Although the district court did not make an explicit finding of good cause, it allowed the defendant to raise new objections at the sentencing hearing ... Therefore, we conclude that Perkins sufficiently preserved the issues on appeal even with respect to objections his attorney raised for the first time at the sentencing hearing.”); U.S. v. Barajas-Nunez, 91 F.3d 826, 830 (6th Cir.1996) (“Although the district court did not make an express finding of good cause, its comments and actions after Ba-rajas-Nunez’s allocution indicate that it found such good cause to be present.”). In the case at bar, Richmond objected to the sentencing enhancement, the government did not oppose that objection, and the district court stated, three times, that the objection was noted. Therefore, we conclude Richmond sufficiently preserved this argument on appeal.
Since we find Richmond objected to the findings in the PSR, the government’s argument — that because he did not file written objections, Richmond admitted to the facts in the PSR — fails. Because Richmond’s sentence was enhanced based on facts found by the judge and not admitted by Richmond or found by a jury, the district court, by enhancing his base offense level from a 32 to a 34, violated Richmond’s Sixth Amendment rights under Booker. See U.S. v. Milan, 398 F.3d 445 (6th Cir.2005) (where defendant admitted involvement with no more than 50 grams of cocaine base but the district court enhanced his offense level based on findings in the presentence report that defendant possessed 1.5 kilograms of craek/eocaine, possessed a firearm, and was the organizer of the criminal activity, court remanded for resentencing under Booker); U.S. v. Tate, 124 Fed.Appx. 398 (6th Cir.2005) (finding a Sixth Amendment violation under Booker where the jury found the defendant guilty of conspiring to distribute more than five kilograms of cocaine but the district court determined the defendant was responsible for conspiring to distribute more than fifty kilograms of cocaine and enhanced the defendant’s offense level accordingly); U.S. v. Ross, 155 Fed.Appx. 419 (11th Cir.2005) (where defendant was charged with two counts of distribution of crack cocaine based on two different transactions and defendant pled guilty to only the first count, sentencing him based on the total amount involved in both counts was a violation of his Sixth Amendment rights under Booker).
II.
The government concedes that the district court erred by sentencing Richmond under a mandatory guidelines scheme; however, the government argues that this error is harmless because the court also imposed an identical “alternative sentence”.[3] Because we find the district *941 court enhanced Richmond’s sentence in violation of the Sixth Amendment, we find this argument lacks merit.

CONCLUSION

Thus, for the foregoing reasons, we VACATE the district court’s sentence and REMAND Richmond’s case for resentencing in accordance with Booker.

. At the sentencing hearing, the district court admitted he could not remember "word for word what was said by Ms. Craig I guess at the time of the plea” but that he "believe[d] that there was mention about the amount and that the defendant upon questioning by the court did concede that was accurate.” However, in actuality, Richmond did not, at the plea hearing, admit to trafficking at least 150 grams of cocaine base. At the plea hearing, the government stated it could prove that “[t]here were three buys made by the confidential informant; on July 3rd, 2001, July 18th, 2001, and August 24th, 2001,” and then government went on to detail each of these transactions, including the controlled buys that substantiated Counts 2 and 3 of the indictment, the buys on July 18th and August 24th. The court then asked the Defendant:
"In as much as I guess we are focusing in on the July, 23rd, 2001[sic], transactions, Mr. Richmond, as far as those facts are concerned, is that basically correct as far as your involvement is concerned?” [Richmond]: "Yes, sir.”
J.A. at 31 (emphasis added). We first point out that the court reporter erred in transcribing this exchange, the district court asked Richmond about July 3, 2001, not July 23, 2001. Of more importance, however, is the fact that Richmond only admitted that the government’s recount of the events that transpired on July 3, 2001, was accurate; he was not questioned about the other dates and thus, he made no admissions regarding those dates at the time of the plea.

. After Richmond’s counsel objected, the court stated, "Now, I will note your exceptions that you are arguing that even with those concessions, that the government needs to prove beyond a reasonable doubt as to the amounts, certainly I will note that, but I *940 would also note for the record that we believe that if — And frankly I can't remember word for word what was said by Ms. Craig I guess at the time of the plea, but I believe that there was mention about the amount and that the defendant upon questioning by the court did concede that was accurate. So I believe with that information before the court, that I can under the current state of the law impose sentence based upon his admission to those facts, but I will note your exception nonetheless.” J.A. at 34 (emphasis added).

. In imposing the alternative sentence, the court stated:
"Because of the decision by the Sixth Circuit in U.S. versus Koch, which does recommend that the district courts consider an alternative sentencing, the court will now make an alternative sentence in this matter. Utilizing the guidelines as simply as an as *941 sistive device in this matter, based upon conviction, Mr. Richmond’s sentence could be anywhere from ten years to life. The court is going to impose a sentence of custody of 188 months based upon that range as well. I will impose a supervised release period of five years and a $100 special assessment. In either of these sentences, I’m not going to impose any fine in this matter."